*Refer To Civil Action No. 6:21CV166 "In Which Ways Timely File A" For Filing Fee (Additional pages added)*

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

*CLERK, U.S. DISTRICT COURT RECEIVED APR 11 2022 EASTERN DIST. OF TEXAS*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE **Eastern** DISTRICT OF TEXAS

### **Tyler** DIVISION

*Mailed: 3/29/2022*

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

**Herman Lee Kindred**
PETITIONER
(Full name of Petitioner)

**Stiles Unit / In Beaumont, TX.**
CURRENT PLACE OF CONFINEMENT

VS.

**671207**
PRISONER ID NUMBER

**Bobby Lumpkin (TDCJ Director)**
RESPONDENT **(Warden) Norsworthy**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

CASE NUMBER
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
☒ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
☐ Other: _____ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _THE 24TH Judicial District Court of Jackson County, Texas 115 West Main Street Edna, Texas 77957_ / _277TH Judicial District Court of Bell County, TX. P.O. Box 909 Belton, TX_ / _18TH Judicial District Court of Johnson County, TX P.O. Box 495 Cleburne, TX 76033_

2. Date of judgment of conviction: _Unknown / Do Not Remember / 2013_

3. Length of sentence: _(Jackson County, TX) 20 Years_ / _(Bell County, TX) Life Sentence_ / _(Johnson County, TX) 18 years_

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _#13-5-9030 Theft Enhanced_) (_#43,482 Bell County Enhanced Theft_) (_Johnson County, #F43,788 Enhanced Theft_)

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)  ☐ Not Guilty  ☐ Guilty  ☐ Nolo Contendere

6.  Kind of trial: (Check one)  ☐ Jury  ☐ Judge Only

7.  Did you testify at trial?  ☐ Yes  ☐ No

8.  Did you appeal the judgment of conviction?  ☐ Yes  ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _____

    Cause Number (if known): _____

    What was the result of your direct appeal (affirmed, modified or reversed)? _____

    What was the date of that decision? _____

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _____

    Result: _____

    Date of result: _____    Cause Number (if known): _____

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☐ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _____

    Nature of proceeding: _____

    Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☐ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   _____

   (b) Give the date and length of the sentence to be served in the future: _____

   _____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes  ☒ No

16. Are you eligible for release on mandatory supervision?  ☒ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: Mark W. Michael Unit 2664 FM 2054 Tenn. Colony, TX 75886

    Disciplinary case number: #20200165584 and #20201698445

    What was the nature of the disciplinary charge against you? Alleged threating officer and failed to strip

18. Date you were found guilty of the disciplinary violation: 4-6-2020 and 4-15-2020

    Did you lose previously earned good-time days?  ☒ Yes  ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: 300 days good conduct time taken in case # 20200165584

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: 82- Outside Trusty to Line 1 Status and 45 days Commissary and 45 day Recreation Restriction In case # 20200165584, Line 1 Status to Line 2 Status In #20201698445 45 days Commissary 45 day REC Restriction plus (7) days Lockup prior to hearings. And (six) (6) months "Medium Custody" From Trusty outside Trusty Status Driving (18) wheelers + Buses on State Rds and Highway. I was sent to Medium Custody which was Deployable Condictions From Trusty Status conditions.

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☒ Yes  ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: No procedural errors found punishment within guide lines

Date of Result: ~~Any~~ of 2020
H-LRI

Step 2 Result: NO procedural errors found OR DUE PROCESS ERRORS found

Date of Result: Cannot Remember July or Aug. 2020, THEY (WERE OUT of Time) on THEIR Response, so, it Holds NO merit, THEY Defaulted

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** DUE PROCESS Violations IN (BOTH) Disciplinaries Good Time Credits WERE TAKEN By THE Prison Disciplinary Capt. IN CASE # 20200168455 and #20200169845 THE DUE PROCESS clause prohibits THE STATE From depriving a person of liberty without due process of law.

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
    My Good Time CREDITS WERE TAKEN BY THE PRISON Disciplinary CAPT. JASON Gould, Petitioner was never advised his rights due process right by Sub. Counsel Rodriguez at all. and THE charging officer was not called intentionally. THUS, denying Petitioner his due process right to confront his accused (nor) was petitioner allowed to call witnesses whom were officers and inmates that worked at Michael unit where incident occurred, and worked at MEAT packing Plant RAN by Michael unit officers (and Coffield Inmates). so, Petitioner was not provided with sufficient procedural due process before having his imprisonment extended by OVER Two YEARS AS of MARCH 2022. AS Petitioner was (granted Parole) IN Feb. 2020 Via FI-3R Unanimous vote Petitioner has a PROTECTED Liberty INTEREST IN His Supervised RELEASE date.

B. **GROUND TWO:** ~~DUE PROCESS Violation~~ Collusion against Petitioner To Violate His Fundamental FAIRNESS IN THE APPEAL PROCESS, and Disciplinary hearing To H.E. PERSONALLY and INTENTIONALLY Derail Petitioner's PAROLE GRANTED HIM IN 2020, THEY INTERFERED IN CERTAIN Ways, Colluded against Petitioner To cause Him HARM, injury

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
    THE Michael unit GRIEVANCE Dept. MARGERET PRICE and WARDEN PENNIE Kempt and STEP TWO GRIEVANCE Coordinator's (ALL) Colluded against Petitioner AS WELL AS Disciplinary Capt. JASON Gould and Sub. Counsel B. Rodriguez, Amy Oliver HEAD Sub. Counsel IN Huntsville, TX (ALL) WHO WORKED THE Phones, Emails Meetings IN PERSON Along with Lt. ERIC White and OFFICER WYATT To Collude against Petitioner at all cost INTENTIONALLY and Knowingly with Malice INTENT TO CAUSE GREAT HARM, Injury, Mentally & physically and Emotionally, and To DERAIL Petitioner's PAROLE IN 2020. THEY agreed To DENY MY promising APPEAL process at all cost (NO MATTER) what grounds Petitioner Filed. Including Colluded against Petitioner prior to disciplinary hearings purposely Violating Petitioners due process right of Fundamental Fairness To Hearing and Appeal process. IN THESE disciplinary hearings in CASE # 20200168455 and 20200169845. By Taking 300 days Good Conduct Credits to DERAIL Petitioners PAROLE FOR A LIE THAT THEY (ALL) Know is a lie that has Extended him over Two YEARS (AFTER) being GRANTED PAROLE IN 2020 Via FI-3R Vote. Also, Packing Plant Sgt. Cooper who wrote a false investigation Report ON THE Disciplinaries TO DERAIL PAROLE

-6-

C. **GROUND THREE:** Due Process Violation - DENIAL OF FAIR HEARING and Fundamental Fairness During Disciplinary Hearing and Appeal Process To Intentionally & Knowingly DERAIL Petitioners Parole with MALICE INTENT.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Warden Pennie Kempt & Warden Charles Meador, Colluded against Petitioner when the Pennie Kempt Asked Charles Meador to do her a Favor and grade the Disciplinary MAJOR, when he knew it was not a threat. When Pennie Kempt knew Lt. Eric K. White made up the statements. Then, Pennie Kempt and Lt. Eric K. White, Officer Wyatt, Sub. Counsel B. Rodriguez, and Disciplinary Capt. Jason Gould, and Grievance Dept Margaret Price, Step 2 Grievance Coordinator Lewinski, and Amy Oliver Head Sub. Counsel Huntsville, (All) colluded To Deny Petitioner a Fundamental FAIR HEARING and APPEAL Process In THESE disciplinary CASES. THEY worked THE phones, Emails, IN Person Meetings and THE Parole People In THE Micheal Unit Region Joined in too. To DERAIL Petitioners Parole Intentionally & Knowingly with intent (MALICE INTENT) To cause injury Harm Mentally, Physically and Emotionally

D. **GROUND FOUR:** Due Process Violation Tampering with Tape Recorder During Hearing (obstructing an Official Proceeding). Violation of "Right to Fair Hearing" (OR) Right To Official Proceedings, (OR) Official Record. When one has a Liberty Interest Protected by due process clause prison officials must provided one with FAIR Treatment

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Disciplinary Capt. Jason Gould Intentionally and Knowingly tampered with tape Recorder during hearings and introduction of evidence, and Refuse to turn on recorder during hearing. a Violation of a Fair hearing and Fundamental Fairness. THESE Acts and omissions are obstruction of an official proceeding. Because of Petitioners Liberty and life is at stake then this is an official proceeding. That was obstructed egregiously, and violates Petitioners DUE PROCESS of Fundamental fairness. Due to THE Facts "300 days Good Conduct Credits taken and parole RELEASE taken (Liberty Interest Jeopardized). Obstructing the RECORD with the INTENT to DERAIL Petitioner's Parole.

21. Relief sought in this petition: THAT (BOTH) Disciplinary CASES # 20200165584 and # 20200169845 BE OVERTURNED and Petitioner be RELEASED ON PAROLE AT INSTANTER AND (All) Good Conduct Credits RE-STORED at INSTANTER. THAT Petitioner's $400.00 filing fee IN CIVIL ACTION NO. 6:21 CV 166 BE RE-INBURST at Instanter. And any and (All) Other fees. AND Petitioner be protected from further Retaliations or future Retaliations. MOREOVER, Petitioner seeks THESE Disciplinary CASES To be OVERTURNED DUE TO THE Facts that Petitioner's DUE PROCESS Right Protects His Right To CROSS EXAMINE THE WITNESSES and CALL WITNESSES IN His Behalf. Thus, Precluding Impeaching evidence Violates Petitioner's DUE PROCESS Including Right to Confront accuser. Furthermore, DUE PROCESS Right to offer testimony of witnesses and to Compel their Attendance is Fundamental element of due process Therefore, sense Petitioner's DUE PROCESS was Indeed Violated IN (All) THE Aforementioned ways. Petitioner is entitled to acquittal as a matter of law. and deserves to be substantially compensated accordingly, and Disciplinaries Vacted & Overturned. And Petitioner's PAROLE RE-stored as well as Petitioner's good conduct credits of 300 days and Petitioner Released from Prison at instanter.

-7-

Additional pages to be filled, Please, concerning question (20)(A)(B)(C)(D)

THESE FACTS STATED ARE concerning question (20.) A. "THE Disciplinary Capt. Gould guilt and punishment of Petitioner was achieved (without) DUE PROCESS." Petitioner DUE PROCESS WAS violated and seeks to HAVE THE Disciplinaries overturned DUE TO THE facts that DUE PROCESS PROTECT Petitioner's Right to face his ACCUSER and to CROSS EXAMINE THE ACCUSER and THE WITNESSES and CALL WITNESSES In His behalf. THUS, precluding impeaching evidence violates Petitioner's DUE Process. Furthermore, DUE Process Right to offer testimony of Witnesses and to compel their attendance is Fundamental element of due process. Petitioner was intentionally and knowingly refused/denied these Rights at the Hearing, for NO REASONS. Petitioner was (not) being belligerent in any way whatsoever. THE camera footage will verify these facts. Petitioner was (not) advised his due process right by Sub. counsel B. Rodrigez whom was completely bias Racist toward Petitioner when she was to be my advocate but acted as a Racist enemy. You could see the collusion against Petitioner. Furthermore, Sub counsel B. Rodrigez threatened Petitioner after Petitioner was ask if I was advised my Rights and I Petitioner answered (NO) the Disciplinary Capt. Gould dropped his head down and that is when sub counsel Rodrigez threatened me stating KINDRED IF you want to Go there we can Go there. I HAVE A Right to be FREE of threats and DUE PROCESS Right to a Fundamentally FAIR HEARINGS. Petitioner was intentionally and knowingly Refused his/ Witnesses and Right to CALL Witnesses CROSS EXAMINE WITNESSES and Compel them to attend and face his accusers. Petitioner's DUE PROCESS WAS egregiously violated throughout (BOTH) Hearings of APRIL 6TH, 2020 and APRIL 10TH OR APRIL 15TH 2020, and 300 days good conduct credits WERE TAKEN maliciously with MALICE INTENT by Disciplinary Capt Gould. Relief sought in this petition; SEE question (21) on petition itself Relief sought is stated there on. Please BE WELL informed

Pg. (1)            Herman Lee Kindred

Additional pages to be added please. This is concerning question (20)(A)(B)(C)(D). THE DUE PROCESS clause prohibits THE STATE from depriving a person of liberty without due process of law. Convicts have rights when it comes to deprivation of their liberty. When one has a liberty interest protected by the due process clause prison officials must provide one with fair treatment. Depriving one of due process it's not fair treatment. Colluding to deprive one of due process is not fair treatment. When they call ahead and ask for a favor against you, don't question it no matter what his appeal STATES Amy Oliver (or) STEP TWO GRIEVANCE COORDINATOR. That's collusion secret agreements, over the phone in office talks, (OR) Requested favor. "Interfering" in the Appeal PROCESS (OR) HEARING PROCESS a Violation of Petitioner's due process and violation of petitioner's fundamental fairness. Writing a false Report to deprive one of their liberty is not fair treatment. SAME AS PENNY Kempt colluding with Disciplinary Capt. Gould and sub. Counsel. B. Rodriguez. To find me Petitioner guilty no matter what EVEN without due process THE guilt and punishment AND 300 days taken without due process or achieve without due process. Interfering in certain was Violates Petitioner's Rights and fundamental fairness, due process. Writing a false Report on a state document and writing a false Report (or) investigating Report on that state document, too. With THE primary (intent) TO deprive Petitioner of his liberty is (NOT) FAIR TREATMENT. But violates fundamental elements of fairness OBSTRUCTING THE RECORD DURING THE HEARING: obstructing an OFFICIAL PROCEEDING.
*Relief sought in this petition: SEE question (21) on petition itself
*Relief sought is stated there on. PLEASE BE WELL Informed.

```
              T. D. C. J.   -  I N S T I T U T I O N A L   D I V I S I O N
              DATE 07/20/21           RECORDS OFFICE          TIME 17:10:48
TDCJID: 00671207 NAME: KINDRED,HERMAN LEE                    UNIT MICHAEL
SENT. BEGIN DATE 08/04/1993 TDC RECEIVE DATE 07/05/1994
INMATE STATUS STATE APPROVED TRUSTY CLASS IV   W     LAST PCR REQUEST 06/30/21

     SENT. OF RECORD        LIFE                          MAND SUPV   PAROLE
     FLAT TIME SERVED         00023 YRS 11 MOS 09 DAYS    000 %      000 %
     GOOD TIME EARNED         00005 YRS 10 MOS 09 DAYS    000 %      000 %
     WORK TIME EARNED         00003 YRS 09 MOS 28 DAYS    000 %      000 %
     MAND SUPV TIME CREDITS   00033 YRS 07 MOS 16 DAYS    000 %
     PAROLE TIME CREDITS      00033 YRS 07 MOS 16 DAYS               000 %
     MINIMUM EXPIRATION DTE: 01/01/9999
     MAXIMUM EXPIRATION DTE: 01/01/9999

JAIL GOOD TIME RECD YES          NUMBER OF DETAINERS 00
GOOD TIME LOST 00257 DAYS        WORK TIME LOST 00103 DAYS
PAROLE STATUS    BPP DATE                          TDC CALC DATE 11/01/2015


REQUEST _____
CONDUCT RECORD:
```

\* IN THE PAST Petitioner has "always" been Released to and on mandatory Supervision parole.   Herman Lee Kindred

22. ~~Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?~~    ☐ Yes    ☒ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

Filed 1983 In Tyler Eastern District Federal Court back in 2021 dismissed without prejudice concerning Due Process Violations

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?    ☐ Yes    ☒ No   I filed a 1983 In 2021 concerning these issues

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☒ Yes    ☒ No   YES
    YES
If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

Collusion, obstructing offical proceeding Because they were presented but I did (not) offically call the Grounds: Collusion and obstructing offical proceeding. "I Called it Retoliation(+)tampering with Recorder."

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?    ☒ Yes    ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. Art 11.07's (All) pending In Court of Criminal Appeals Bell County, Tx. District Court #30,311, #30,312, #30,721, #37,588, #41,248 #43,482 "Do not Remember filing date(s)." Jackson County, Tx District court #13-5-9030, Johnson County District Court #F43,788 (All) pending In Court of Criminal Appeals.

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: N/A Do not Remember
    (b) At arraignment and plea: N/A Do not Remember
    (c) At trial: N/A Do not Remember
    (d) At sentencing: N/A Do not Remember
    (e) On appeal: N/A Do not Remember
    (f) In any post-conviction proceeding: N/A (All myself)/Pro se

-8-

(g) On appeal from any ruling against you in a post-conviction proceeding: ___N/A___

___N/A___

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1] My Step 2's became final if you will about on on or about July or August 2020. I filed a 1983 form paid the filing fee of $400.00 about March 2021. In Civil Action No. 6:21 CV. 166 IN THE EASTERN District of Texas Tyler, Division. My Step 1's and Step 2's were All filed there too. So, I filed timely but on wrong form.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

~~Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.~~

>  _____N/A_____
> Signature of Attorney (if any)

> _____N/A_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__March 29TH, 2022__ (month, day, year).

Executed (signed) on __March 29TH, 2022__ (date).

> __Herman Lee Kindred__
> Signature of Petitioner (required)

Petitioner's current address: __3060 FM 3514 Beaumont, TX. 77705__